**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBORAH SANCHEZ, an adult
individual,

          Plaintiff - Appellant,

  v.

COUNTY OF GRAHAM, a government
entity; PJ ALLRED, Graham County
Sheriff, a government officer/jural entity;
ARTHUR PEREZ, Jr., husband; Unknown
PEREZ, named as Jane Doe, wife;
ROSEMARY JUAREZ-LACEY, wife;
Unknown JUAREZ-LACEY, named as
John Doe, husband; GRAHAM COUNTY
SHERIFF'S OFFICE, a government entity,

          Defendants - Appellees.

No. 24-1675

D.C. No.
4:21-cv-00073-JCH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted January 23, 2026[**]

Before: BENNETT, BADE, and SUNG, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Deborah Sanchez appeals a jury verdict finding Defendant-Appellee Graham County Sheriff PJ Allred not liable for the death of her daughter, Jorden Simms. Simms died while in the County's custody from injuries she sustained when she jumped from a moving transport vehicle. We assume the parties' familiarity with the facts of the case and recite them only as necessary. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Sanchez argues that the district court erred when it issued final jury instructions and a verdict form that referred only to Sheriff Allred and not to the individual officers who transported Simms. Sanchez argues that this confused the jury because there were multiple defendants involved.

During trial, defendants moved for judgment as a matter of law on all claims. As to Sanchez's gross negligence claim, defendants argued that the claim failed because Sanchez could not show that any individual officer had acted with gross negligence. Sanchez, in response, argued that the jury could find the Sheriff liable for gross negligence based on the combined negligence of his personnel. In a separate filing, Sanchez moved to amend the court's pretrial order to reflect that Sanchez's gross negligence claim was against the Sheriff, for the cumulative conduct of his personnel, and not the individual officers who transported Simms. The court denied defendants' motion for judgment as a matter of law as to the gross negligence claim, granted defendants' motion as to all other claims, and

granted Sanchez's motion to amend the pretrial order.

In accordance with the amended pretrial order, the court drafted the final jury instructions and verdict form to reflect that Sanchez's remaining claim was a gross negligence claim against Sheriff Allred. The court gave, at Sanchez's request, a verbal clarifying instruction explaining the change in defendants. The court also instructed the jury that Sheriff Allred was responsible for the actions of his employees, including Jeff McCormies, Arthur Perez, and Rosemary Lacey. Sanchez's counsel emphasized this instruction during argument. Thus, if there was any error in the reference to Sheriff Allred in the district court's jury instructions or verdict form, it was invited error. "The invited error doctrine states that a party may not complain on review of errors below for which [s]he is responsible. It applies where a party introduced, or directly set in motion, the error of which [s]he complains." *Hunter v. U.S. Dep't of Educ.*, 115 F.4th 955, 963–64 (9th Cir. 2024) (citation modified).

In any case, Sanchez has not shown that reference to Sheriff Allred, rather than to the individual officers, prejudiced her or confused the jury. The verdict form and closing jury instructions were consistent with the amended pretrial order and Sanchez's operative complaint, which brought her gross negligence claim against Sheriff Allred. The district court explained to the jury that Sheriff Allred was the only remaining defendant at the end of the trial. And Sanchez's counsel

also explained, in his closing argument, why the final jury instructions and verdict form referred only to Sheriff Allred and not to the individual officers who transported Simms. Thus, Sanchez has not shown that the verdict form and jury instructions were erroneous or that she was prejudiced by any error.

2. Sanchez argues that the court's "instructions and rulings" did not consider Simms' mental health issues. She also asserts that the district court erred by not considering Simms' mental health issues in determining whether Simms was at fault for her fatal injuries. Sanchez does not identify the rulings or instructions she is challenging. It was the jury, not the district court, who decided whether Simms was at least 50 percent at fault for her injuries and, if so, whether Sheriff Allred should be excused from liability under Arizona Revised Statutes § 12-712. At trial, Sanchez's counsel introduced evidence of Simms' mental health and struggles with addiction and argued that the jury should consider those circumstances in finding that Simms was less than 50 percent at fault for her death. The district court instructed the jury to consider all the evidence in finding the facts. Sanchez has not shown that the district court committed any error related to evidence of Simms' mental health issues and her mental state or that the jury failed to consider that evidence.

**AFFIRMED.**

24-1675